# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMAN ALKHAS SAATLOUI, | Case No. 1:13-cv-01812-LJO-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH 30 DAYS LEAVE TO AMEND** |
| v. | |
| U.S. DEPARTMENT OF AGRICULTURE, FOOD, AND NUTRITION SERVICE, | (Doc. No. 2) |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Edman Alkhas Saatloui ("Plaintiff") is proceeding pro se and *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's complaint fails to state a cognizable claim, and it is DISMISSED with 30 days leave to amend.

## II. BACKGROUND

On November 8, 2013, Plaintiff filed a complaint. (Doc. 1.) The first page of the document appears to be a template for a complaint and contains no facts or allegations. (Doc. 1, p. 1.) The document also contains a copy of a Final Agency Decision of the U.S. Department of Agriculture ("USDA"), Food and Nutrition Service decision dated October 30, 2013, addressed to "Edvard Alkhas Saatloui and Tatiana R. Najjarian," Owners of International Bazar in Turlock, California. (Doc. 1, p. 2.) The USDA decision states that the "International Bazar committed

violations of the Supplemental Nutrition Assistance Program ("SNAP"), and that there is sufficient evidence to support a finding that the permanent disqualification from participation as an authorized retailer in the program, as initially imposed by the Retailer Operations Division . . . was appropriate." (Doc. 1, p. 3.)

**III. DISCUSSION**

**A. The Complaint Fails to State a Cognizable Claim**

The complaint contains no factual allegations; it is comprised only of an October 30, 2013, decision of the USDA. It appears Plaintiff is attempting to seek judicial review of this administrative decision pursuant to 7 U.S.C. § 2023.

Benefits received through the Supplemental Nutrition Assistance Program ("SNAP") may "be used only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program." 7 U.S.C. § 2013(a); 7 C.F.R. § 278.2(a). "[T]he buying or selling of coupons, ATP cards, or other benefit instruments for cash or consideration other than eligible food" is "trafficking" under the SNAP regulations. 7 C.F.R. § 271.2. Stores are permanently disqualified on the first occasion of a trafficking violation. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(i).

Any grocery store permanently disqualified from participating in SNAP may bring an action for judicial review by filing a complaint against the United States in federal district court. *Plaid Pantry Stores, Inc., v. United States*, 799 F.2d 560, 561 (1986) (citing 7 U.S.C. §2023(a)(13)).

The October 30, 2013, USDA decision attached to Plaintiff's complaint indicates that the International Bazar, owned by Plaintiff, was found to have "likely trafficked in SNAP benefits" and it was permanently disqualified from participating in the SNAP program. To the extent Plaintiff is seeking review of this October 30, 2013, USDA decision pursuant to 7 U.S.C. § 2023, Plaintiff must allege this in his complaint and explain why he believes the USDA decision is incorrect.

**B.     Amendment of the Complaint**

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Rule 220 of the Local Rules of the United States District Court, Eastern District of California.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.     CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is DISMISSED;

2.     Plaintiff shall file an amended complaint within 30 days from the date of service of this order; and

3.     If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **March 25, 2014**                              **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE

3