**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMAN ALKHAS SAATLOUI,<br><br>Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, FOOD, AND NUTRITION SERVICE,<br><br>Defendant.<br>_____/ | Case No. 1:13-cv-01812-LJO-SKO<br><br>**ORDER AUTHORIZING SERVICE OF COMPLAINT ON DEFENDANT**<br><br>**ORDER DIRECTING CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN 30 DAYS**<br><br>(Doc. No. 7) |

### I. INTRODUCTION

Plaintiff, Edman Alkhas Saatloui, ("Plaintiff") is proceeding pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. On November 8, 2013, Plaintiff filed a complaint, which was dismissed for failure to state a cognizable claim. Plaintiff was provided 30 days to amend the complaint, and filed an amended complaint on April 24, 2014. (Doc. 7.) For the reasons set forth below, Plaintiff's complaint states a cognizable claim pursuant to 7 U.S.C. 2023(a)(13).

## II.   BACKGROUND[1]

On August 9, 2013, Plaintiff, International Bazar, was notified by the United States Department of Agriculture ("USDA") Retailer Operations Division ("Operations Division") through a "Charge" letter that it was in violation of the terms and conditions of the Supplemental Nutrition Assistance Program ("SNAP") because Electronic Benefit Transfer ("EBT") transactions "establish[ed] clear and repetitive patterns of unusual, irregular, and inexplicable SNAP activity for [Plaintiff's] type of firm." Plaintiff replied to the August 9, 2013, "Charge" letter by written correspondence stating various justifications for the "unusual activity." After considering Plaintiff's letter and the evidence in the case, the Operations Division notified Plaintiff in a letter dated August 28, 2013, that it- was being permanently disqualified from participation in SNAP in accordance with 7 C.R.F. § 278.6(e)(1) for trafficking.[2] In a letter dated September 6, 2013, Plaintiff appealed the Operation's Division's assessment and requested an administrative review of the action.

On October 30, 2013, in a written decision by the Administrative Review Officer for the USDA, it determined that it was "more likely true than not true that program violations did, in fact, occur as charged and that the Operations Division has provided substantial evidence of trafficking violations."  On November 8, 2013, Plaintiff filed a complaint, which was dismissed on March 25, 2014, for failure to state a cognizable claim.  Plaintiff was provided 30 days leave to amend, and he filed an amended complaint on April 24, 2014. (Doc. 7.)

---

[1] Plaintiff attached to his original complaint an October 30, 2013, decision by the Administrative Review Officer for the USDA.  Plaintiff seeks judicial review of this final decision.  However, when Plaintiff filed his amended complaint, he omitted this October 30, 2013, decision and did not reference it in his complaint. Nonetheless, it is clear that this is the final determination of which Plaintiff seeks review.  As such, although the original complaint has been superseded by an amended complaint, the Court takes judicial notice of the October 30, 2013, decision attached to Plaintiff's complaint.  Fed. R. Evid. 201.  The background section was largely drawn from the October 30, 2013, decision of the USDA.

[2] "[T]he buying or selling of coupons, ATP cards, or other benefit instruments for cash or consideration other than eligible food" is "trafficking' under the SNAP regulations.  7 C.F.R. § 271.2.

2

### III. DISCUSSION

**A.    Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure (8)(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashfroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 5577). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly,* 550 U.S. at 557). Further, although a court must accept as true all factual allegation contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (quoting *Twombly,* 550 U.S. at 555).

**B.    Plaintiff's Complaint States a Cognizable Claim under 7 U.S.C. § 2023(a)(13)**

Benefits received through the Supplemental Nutrition Assistance Program ("SNAP") may "be used only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program."    7 U.S.C. § 2013(a); 7 C.F.R. § 278.2(a). "[T]he buying or selling of coupons, ATP cards, or other benefit instruments for cash or

3

consideration other than eligible food" is "trafficking' under the SNAP regulations.   7 C.F.R. § 271.2.  Stores are permanently disqualified on the first occasion of a trafficking violation. 7 U.S.C. § 2021(b)(3)(B);  7 C.F.R. § 278.6(e)(1)(i).  Any grocery store permanently disqualified from participating in SNAP may bring an action for judicial review by filing a complaint against the United States in federal district court.  *Plaid Pantry Stores, Inc.*, *v. United States*, 799 F.2d 560, 561 (1986) (citing 7 U.S.C. § 2023(a)(13)).

Title 7 of the United States Code, Section 2023(a)(13) provides that;

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13).

Here, Plaintiff's complaint alleges that the USDA provided "unjust reasons" for permanently disqualifying Plaintiff from the SNAP program.  The USDA's reasons for permanently disabling Plaintiff from the SNAP program, pursuant to 7 C.F.R. § 271.2, are as follows; (1) "multiple transactions were made in unusually short time frames;" (2) "all EBT individual receipt credit was exhausted unusually quickly;" and (3) "excessively large purchase transactions were made."

Plaintiff states the USDA's first basis for disqualification is supported by "unnecessary and implausible evidence" because "Senior Citizen shoppers tend to set a single day aside in order to do all the shopping for one month's living." Plaintiff alleges "there is not enough evidence to justify an EBT ban, which makes me [Plaintiff] feel as if the U.S.D.A Is [sic] taking advantage of, and/or discriminating a small Middle-Eastern based grocery store." Plaintiff challenges the USDA's second basis for disqualification by asserting, "Assyrians (Especially Senior Citizen) do a whole month's shopping in one day," "[m]any items in my store are very expensive . . . ." Plaintiff contends that the USDA "jump[ed] to conclusions" in taking away its SNAP benefits because "what [Plaintiff's] customer choose to do with their credit is of their discretion only." Plaintiff

4

challenges the USDA's basis for disqualification by listing items available in the store and their accompanying prices. Plaintiff states that "[t]aking our EBT License for unusually large transaction is not only mind-boggling, but unjust." Plaintiff further alleges that EBT agents harassed a "minimum of 15 of [Plaintiff's customers] . . . on their own property." Plaintiff states the USDA's intent in doing so was to "gather plausible evidence to ban [Plaintiff] from EBT partnership, in which they have failed to acquire and showcase." Plaintiff "urg[es] [the Court] to please carefully examine this case and make the correct decision."

Plaintiff's request that the Court examine the case presented against him by the USDA is permitted under 7 U.S.C. § 2032(a)(13). Therefore, Plaintiff has pled a cognizable claim under 7 U.S.C.§ 2032(a)(13) for review of a USDA final decision.

### IV.   CONCLUSION AND ORDER

Plaintiff's claim against the USDA seeking judicial review of a final USDA decision under 7 U.S.C. § 2032(a)(13) is cognizable.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to send Plaintiff a USM-285 form, one summons, an instruction sheet, a notice of submission of documents form, and one copy of the complaint filed on April 24, 2014;

2. Within thirty (30) days from the date of service of this order, Plaintiff is DIRECTED to complete the attached notice of submission of documents and to submit the complete notice to the Court with the following documents:

    a. The completed summons;

    b. One completed USM-285 form for the Defendant, USDA;

    c. One copy of the endorsed complaint filed in this Court; and

///

///

///

///

3. Service upon the Defendant is appropriate when the service documents are submitted to the Court and forwarded to the United States Marshal.  Plaintiff need not attempt service on Defendant.

IT IS SO ORDERED.

Dated:    **June 24, 2014**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE